CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 17, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILBERT T. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00484 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RACHEL BLEDSOE and | ) | |
| WALLENS RIDGE STATE PRISON | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Wilbert T. Smith, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Rachel Bledsoe and Wallens Ridge State Prison ("Wallens Ridge"). (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's claims against Wallens Ridge will be dismissed pursuant to § 1915A.

In his complaint, Plaintiff alleges that he has been complaining about a toothache on the left side of his mouth for five months, but has yet to receive any dental treatment. (Compl. at 2.) Plaintiff further alleges that other inmates within the Virginia Department of Corrections have received treatment for their toothaches. (*Id.*) According to Plaintiff, the "dental department ha[s] denied [him his] medical care [] as needed and violated [his] Eighth Amendment[] constitutional rights." (*Id.*) As an attachment to his complaint, Plaintiff included a facility request addressed to Bledsoe in which he asks "to see someone about [the] left side of [his] mouth" as his toothache is causing him pain, discomfort, and "making it hard for [him] to eat." (ECF No. 1-1 at 1.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prison complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under

§ 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

As noted, Plaintiff has sued Wallens Ridge. (*See* Compl. at 1.) But his claims against this Defendant must fail. Because it is a state prison, Wallens Ridge is not a "person" subject to suit under § 1983. *See Robertson v. Dameron*, No. 7:22-cv-00086, 2022 WL 2654980, at *1 (W.D. Va. July 8, 2022) ("It is well settled that a state prison is not a "person" subject to suit under § 1983" (citing *Va. Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005)). Thus, Plaintiff's claims against Wallens Ridge will be dismissed. Only Plaintiff's claims against Bledsoe will proceed.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 17th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE